**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD DISHMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 5626 |
| v. ) | |
| ) | Magistrate Judge Morton Denlow |
| **THOMAS CLEARY, KEITH** ) | |
| **DEITELHOFF, and MARK** ) | |
| **CAMPBELL,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND FACTS**

Defendants Thomas Cleary, Keith Deitelhoff, and Mark Campbell (collectively "Defendants") prevailed in this jury trial when the jury returned a verdict in their favor and this Court entered a judgment on the verdict on September 2, 2011. Dkts. 207-08. The Court awarded court costs in favor of Defendants and against Plaintiff. *Id.* Defendants submitted their Bill of Costs requesting $10,944.87 and Plaintiff Richard Dishman ("Plaintiff") submitted objections. For the following reasons, the Court awards Defendants $10,555.66 in court costs.

**A.    DEFENDANTS' BILL OF COSTS AND PLAINTIFF'S OBJECTIONS.**

In their Bill of Costs, Defendants request $10,944.87. Specifically, Defendants request $1,332.62 for subpoena service costs; $7,746.10 for transcript costs; $176.00 for witness fees; $852.60 for exemplification and copies of paper; and $837.55 in other costs.

Defendants' request for $1,332.62 for service of subpoenas includes:

- Service of subpoena to Howard Glick ($55.00 for basic service + $45.00 witness fee advance = $100.00);

- Service of subpoena to Chip Cain ($55.00 for basic service + $45.00 witness fee advance = $100.00);

- Service of subpoena to Dr. Christopher Stark ($55.00 for basic service + $50.67 witness fee advance = $105.67);

- Service of subpoena to Dunn Safety Products ($55.00 for basic service + $40.00 fee advance = $95.00);

- Service of subpoena to Christ Hospital ($55.00 for basic service + $40.00 fee advance = $95.00);

- Service of subpoena to Darrence Reid ($55.00 for basic service + $48.00 witness fee advance + $8.00 fuel charge = $111.00);

- Service of subpoena to Miranda Teague ($55.00 for basic service + $48.00 witness fee advance = $103.00);

- Service of subpoena to Arnetta Britten ($55.00 for basic service + $48.00 witness fee advance = $103.00);

- Service of subpoena to Clarence Britton ($55.00 for basic service + $51.95 witness fee advance + $8.00 fuel charge = $114.95);

- Service of subpoena to Marquincy Teague ($55.00 for basic service + $45.00 witness fee advance + $4.00 fuel charge = $104.00);

- Service of subpoena to Shoshana Aldridge ($55.00 for basic service + $45.00 witness fee advance = $100.00);

- Service of subpoena to Trinity Dishman ($55.00 for basic service + $45.00 witness fee advance + $4.00 fuel charge = $104.00); and

- Service of subpoena to Christ Hospital ($55.00 for basic service + $40.00 witness fee advance + $2.00 fuel charge = $97.00).

Defendants' request for $176.00 for witness fees includes:

- Charles M. Baum ($40.00 attendance fee + $3.00 travel allowance = $43.00);

- Holy Cross Hospital ($40.00 attendance fee + $3.00 travel allowance = $43.00);

- Holy Cross Hospital ($40.00 attendance fee + $5.00 travel allowance = $45.00); and

- Tom Kwan ($40.00 attendance fee + $5.00 travel allowance = $45.00).

The court reporter and transcript costs include numerous deposition and hearing transcripts which total $7,746.10. Defendants itemized these costs as follows:

- One cancelled deposition ($70.00 attendance fee);

- Transcript of Derrence Reid's deposition testimony ($70.00 attendance fee + (59 pages x $3.25) = $261.75);

- Transcript of Clarence Britten's deposition testimony ($70.00 attendance fee + (115 pages x $3.65) = $489.75);

- Transcript of Maranda Teague's deposition testimony ($70.00 attendance fee + (64 pages x $3.65) = $303.60);

- Transcript of Arnetta Britten's deposition testimony ($70.00 attendance fee + (106 pages x $3.65) = $456.90);

- Transcript of Plaintiff Richard Dishman's deposition testimony ($70.00 attendance fee + (337 pages x $3.65) = $1,300.05);

- Transcript of Marquincy Teague's deposition testimony ($70.00 attendance fee + (68 pages x $3.25) = $291.00);

- Transcript of Shoshana Aldridge's deposition testimony ($70.00 attendance fee + (63 pages x $3.25) = $274.75);

- Copy of Thomas Cleary's deposition transcript ($70.00 attendance fee + (200 pages x $.90) = $250.00);

3

- Transcript of Andrew Ohlson's deposition testimony (74 pages x $3.40 = $251.60);

- Transcript of Mark Campbell's deposition testimony (99 pages x $3.40 = $336.60);

- Transcript of David Dimoff's deposition testimony (93 pages x $3.65 = $339.45);

- Transcript of Eddie Haynie's deposition testimony (92 pages x $3.65 = $335.80);

- Transcript of Patrick O'Kelly's deposition testimony (154 pages x $3.40 = $523.60);

- Transcript of Charles Baum's deposition testimony ($70.00 attendance fee + (112 pages x $3.65) = $478.80);

- Transcript of Keith Dietelhoff's deposition testimony (202 pages x $3.40 = $686.80);

- Transcript of Robert Giglio's deposition testimony (44 pages x $3.40 = $149.60);

- Transcript of Patrick Boyle's deposition testimony (53 pages x $3.40 = $180.20);

- Transcript of Mark Harmon's deposition testimony (110 pages x $3.40 = $374.00);

- "No-show" depositions of Howard Glick and Charles Cain (2 x $70.00 attendance fees = $140.00);

- Transcript of Howard Glick's deposition testimony (44 pages x $3.65 = 160.60); and

- Transcript of Charles Cain's deposition testimony (25 pages x $3.65 = $91.25).

Other costs itemized by Defendants total $837.55 and include:

4

- Transcript of criminal court hearing on 11/29/2005 (10 pages x $2.40 = $24.00);

- Transcript of criminal court hearings on 7/20/2006 and 8/24/2006 (21 pages x $3.30 = $69.30);

- Report of proceedings on 2/9/2009 in Case No. 07 C 5626 ($114.75);

- Report of proceedings on 8/10/2009 in Case No. 07 C 5626 ($76.50);

- Records from Cook County State's Attorney's Office ($33.00); and

- Enlargements mounted on foam board (13 x $40.00 = $520).

Plaintiff, in response, requests the Court to stay the Bill of Costs pending the outcome of his appeal. Plaintiff also asks the Court to find that it would be inequitable to burden him with the entire $10,944.87 in light of factors that may overcome the presumption of an award of costs. Plaintiff objects to individual items in the Bill of Costs, which will be discussed in order.

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to recover costs "other than attorneys' fees." Specifically, recoverable costs include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

5

28 U.S.C. § 1920.

Although Rule 54(d) provides a strong presumption that the prevailing party will recover costs, *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997), the "court must review a proposed bill of costs 'in scrupulous detail.'" *Shah v. Vill. of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *1 (N.D. Ill. Aug. 14, 2003). The claimed expenses must be "reasonable, both in amount and necessity to the litigation." *Id.* The Court is vested with wide discretion to determine whether and to what extent costs may be awarded to the prevailing party. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993) (superseded by statute in other areas); *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 WL 3555770, at *1 (N.D. Ill. Aug. 11, 2011). The losing party has the burden of an affirmative showing that the costs are not appropriate. *Blackwell*, 2011 U.S. Dist. LEXIS 89562, at *1.

**A.     GENERAL OBJECTIONS.**

**1. The Court will not stay the Bill of Costs pending appeal.**

Plaintiff requests the Court to exercise its discretion and stay the Bill of Costs pending Plaintiff's appeal. Final judgment has been issued in this case. The Defendants are entitled to an award of costs. Fed. R. Civ. P. 54(d). A district court may award costs even while a substantive appeal is pending. *See, e.g.*, *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *Barton v. Zimmer, Inc.*, No. 06 CV 208-TS, 2010 U.S. Dist. LEXIS 59936, at *2-5 (N.D. Ind. June 16, 2010) (reviewing Seventh Circuit precedent and noting that various district courts in the Seventh Circuit have denied motions to stay a determination of costs pending appeal); *Collins v. United States*, No. 03 C 2958, 2008 U.S. Dist. LEXIS

46798, at *6-7 (N.D. Ill. Jan. 3, 2011) ("The Court may award costs while a case is on appeal, and an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals."). The Court will not stay an award of costs pending Plaintiff's appeal.

### 2. It is not inequitable to hold Plaintiff responsible for all reasonable costs.

Plaintiff initially argues that it would be inequitable under the totality of the circumstances to put the burden of court costs on Plaintiff. Plaintiff urges the court to find that the presumption in favor of awarding costs is overcome.

The Seventh Circuit recognizes two situations which may warrant the denial of costs. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Boback Sausage Co. v. A&J Seven Bridges, Inc.*, No. 07 C 4718, 2011 U.S. Dist. LEXIS 58764, at *2 (N.D. Ill. May 31, 2011). The first situation requires the court to make a threshold finding that the losing party is incapable of paying costs and then consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case. *Rivera v. City of Chi.*, 469 F.3d 631, 635-36 (7th Cir. 2006). The second situation which may warrant denial of costs is "misconduct by the prevailing party that is worthy of a penalty, such as calling unnecessary witnesses, raising unnecessary issues or otherwise unnecessarily prolonging the proceedings." *Collins*, 2008 U.S. Dist. LEXIS 46798, at *6.

Plaintiff has not carried either of these burdens. The Court finds that equity does not mandate a denial of costs and will award Defendants the reasonable costs to which they are entitled. Plaintiff has made no showing that he is incapable of paying costs, and the case was not a close call in the eyes of the jury as evidenced by their verdict. The Defendants engaged

in no misconduct in defending this hard fought case and it would be inequitable to deny Defendants their right to recover court costs to which they are legally entitled.

### 3. Invoices are sufficient supporting documentation.

The submission of invoices constitutes adequate supporting documentation for all reasonable costs. *See, e.g.*, *Manson v. City of Chi.*, No. 08 CV 3024, 2010 U.S. Dist. LEXIS 130265, at *8 (N.D. Ill. Nov. 10, 2011) (relying on invoices); *Bobak Sausage Co.*, 2011 U.S. Dist. LEXIS 58764, at *4 (same); *Davis v. Budz*, No. 99 C 3009, 2011 U.S. Dist. LEXIS 35295, at *6-7 (N.D. Ill. Mar. 31, 2011) (awarding minimum fees for service based on invoice where the invoice did not indicate time spent effectuating service). The Court will evaluate each of Plaintiff's specific objections to Defendants' itemization of costs below.

**B.     FEES FOR WITNESSES.**

Defendants request $176.00 for witness fees, which they alternatively refer to as "subpoena fees." Dkt. 212 p. 24. Plaintiff objects to fees paid to Holy Cross Hospital and Tom Kwan.

The fees paid to Holy Cross were for medical records and are therefore recoverable as costs for records which were reasonably necessary at trial. *See Carlson v. Bukovic*, No. 07 C 06, 2009 WL 2448603, at *2 (N.D. Ill. Aug 7, 2009). The Court awards $88.00 for records subpoenas from Holy Cross Hospital.

Plaintiff objects to a witness fee for Tom Kwan who was not deposed, nor did he testify at trial. An attendance fee that is not an advance will not be awarded for someone who did not testify or sit for a deposition. Defendants did not submit an invoice for this cost

8

indicating that it was an advance. This fee is denied.

The Court awards $43.00 for the witness fee for Charles M. Baum. In sum, the Court awards $131.00 for witness fees.

**C.    FEES FOR SERVICE OF SUBPOENAS.**

Defendants submitted invoices for each incident of service of subpoenas; each invoice includes a fee for services rendered and a witness fee advanced.

**1. Services rendered.**

Courts may award costs for "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the term "marshal" as used in 28 U.S.C. § 1920(1) does not specifically include private process servers, the prevailing party may recover costs for using a private process server as long as those costs do not exceed the fees charged by a marshal. *Henegan v. City of Chi.*, No. 09 C 759, 2011 U.S. Dist. LEXIS 113462, at *6 (N.D. Ill. Oct. 3, 2011). The allowable cost for service of process by a marshal is $55.00 per hour plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Plaintiff objects to service of Dr. Christopher Stark and Trinity Dishman. Defendants attempted to serve Dr. Christopher Stark at an in-state address provided by Plaintiff before learning that Dr. Stark had left the state. Defendants served Trinity Dishman before Plaintiff withdrew her as a witness. Because service of these individuals was reasonable at the time service was attempted, the Court will award the fee for services rendered. *See Thayer v. Chiczewski*, Nos. 07 CV 1290, 07 CV 1406, 2010 WL 3087447, at * 7 (N.D. Ill. Aug. 4, 2010).

The invoices show that Defendants paid more than the allowable cost for service by a private process server, but they decreased their fee request to comply with the statutory hourly maximum and request $55.00 plus fuel charges for each attempted subpoena service, totaling $715.00. The Court also awards $14.00 in fuel surcharges which represents reasonable fuel surcharges requested by Defendants, minus a $4.00 and an $8.00 request which appear to be duplicative of other costs awarded.[1] Thus, the Court awards a total of $729.00 for services rendered and fuel surcharges as itemized in the chart below.

**2. Witness fees advanced**.

The process server invoices also include "Witness fees advanced." Witnesses must be paid $40 per day for each day's attendance at court, plus reasonable travel. 28 U.S.C. § 1821(b). Defendants request between $40.00 and $51.95 for each witness. Generally, these are reasonable advances in light of the statutory maximum and small allowances for travel expenses. Advance witness fees are incidental to service of subpoenas on witnesses. Where service on a witness is reasonable at the time, witness fees advanced will be awarded.

By Defendant's own admission, service on Dr. Christopher Stark was not successful. Therefore, a witness fee advance should not have been paid and is not recoverable. Plaintiff also objects to the witness fee advanced to Trinity Dishman because she was never deposed

---

[1] The invoice dated 12/8/2008 from LaSalle Process Servers L.P. covered subpoenas for Marquincy Teague, Shoshana Aldridge, and Trinity Dishman. Dkt. 212-1 p.5. There was one $4.00 fuel charge but the itemization requested separate $4.00 fuel charges for Marquincy Teague and Trinity Dishman. Similarly, the invoice dated 7/11/2008 from LaSalle Process Servers L.P. covered subpoenas for Darrence Reid, Miranda Teague, Arnetta Britten, and Clarence Britton. *Id.* at p. 4. There was one $8.00 fuel charge but the itemization requested separate $8.00 fuel charges for Darrence Reid and Clarence Britton.

10

and did not testify at trial. Service of Trinity Dishman was reasonable at the time it was made; an advance witness fee was required to secure her as a witness and is allowable. However, the invoice from LaSalle Process Servers shows that the "witness fees advanced" total for Marquincy Teague, Shoshana Aldrige, and Trinity Dishman total $97.46, which is less than the $135.00 requested. The Court awards only $97.46 in advance witness fees for Trinity Dishman, Marquincy Teague and Shoshana Aldridge.

Defendants request witness fee advances of $40.00 for each of the two Christ Hospital subpoenas. Similar to the Holy Cross fees, these are reasonable advances for obtaining copies of records reasonably necessary to the litigation. As fees for subpoenaing medical records are allowable, the advance fees included in the subpoena invoices for Christ Hospital are allowable. *Carlson v. Bukovic*, No. 07 C 06, 2009 WL 2448603, at *2 (N.D. Ill. Aug. 7, 2009).

In sum, the Court awards $1,232.41 for service of subpoenas, broken down in the following manner:

| Deponent | Witness Fee Advance | Basic Service | Fuel Charge | Total |
|---|---|---|---|---|
| Howard Glick | $45.00 | $55.00 | $0 | $100.00 |
| Chip Cain | $45.00 | $55.00 | $0 | $100.00 |
| Dr. Christopher Stark | $0.00 | $55.00 | $0 | $55.00 |
| Dunn Safety Products | $40.00 | $55.00 | $0 | $95.00 |
| Christ Hospital | $40.00 | $55.00 | $0 | $95.00 |
| Derrence Reid | $48.00 | $55.00 | $8.00 | $111.00 |

| | | | | |
|---|---|---|---|---|
| Miranda Teague | $48.00 | $55.00 | $0 | $103.00 |
| Arnetta Britten | $48.00 | $55.00 | $0 | $103.00 |
| Clarence Britton | $51.95 | $55.00 | $0 | $106.95 |
| Marquincy Teague | $32.48 | $55.00 | $0 | $87.48 |
| Shoshana Aldrige | $32.48 | $55.00 | $0 | $87.48 |
| Trinity Dishman | $32.50 | $55.00 | $4.00 | $91.50 |
| Christ Hospital | $40.00 | $55.00 | $2.00 | $97.00 |
| **TOTAL** | **$503.41** | **$715.00** | **$14.00** | **$1232.41** |

D.   **TRANSCRIPT COSTS.**

Defendants request $7,746.10 in transcript costs. A prevailing party may recover costs for transcripts. 28 U.S.C. § 1920(2). Local Rule 54.1(b) mandates that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." L.R. 54.1(b). The applicable rates are $3.65 per page for a regular transcript and $0.90 per page for the first copy of regular transcripts. N.D. Ill. General Order 07-0024, *available at* http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/tfee0203.pdf. Contrary to Plaintiff's assertion, Defendants have submitted invoices from the court reporters which document both the attendance fees and original transcript costs. Dkt. 212-1 pp. 7-27.

Although 28 U.S.C. § 1920 does not explicitly mention attendance fees for a court reporter, the Seventh Circuit has held that such fees may be taxed as costs. *Extra Equipamentos E Exportacao LTDA., v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008)

("Since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript.").[2]

Plaintiff argues that Defendants cannot recover the court reporter attendance fees over and above the maximum $3.65 or $0.90 transcript cost. However, the Seventh Circuit has awarded court reporter attendance fees in addition to the maximum allowable rate. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 457 (7th Cir. 1998) (awarding the maximum per page rate at the time and a court reporter fee); *Sicher v. Merrill Lynch & Co.*, No. 09 C 1825, 2011 U.S. Dist. LEXIS 84841, at *3 n.1 (N.D. Ill. Aug. 1, 2011) ("Although some courts in this district have read *Local Rule 54.1(b)* to limit total reimbursement to the maximum amount per page, not the maximum amount per page plus a court reporter's attendance fee, the Seventh Circuit has awarded the maximum amount per page plus a court reporter's attendance fee, so this court will do so as well."); *Comrie v. IPSCO, Inc.*, No. 08 CV 3060, 2010 U.S. Dist. LEXIS 128217, at *8 (N.D. Ill. Dec. 1, 2010) (same). The Court will award reasonable court reporter attendance fees in addition to the maximum per page rate set by the Judicial Conference.

Court reporter fees must be reasonable. Hourly fees in excess of $60.00 are ordinarily unreasonable. *Askew v. Quinn III*, No. 04 C 3863, 2006 U.S. Dist. LEXIS 27296, at * 4 (N.D. Ill. Apr. 12, 2006). The Court has not found any cases awarding court reporter

---

[2] The statute was amended in 2008; "for printed or electronically recorded transcripts" was substituted for "of the court reporter for all or any part of the stenographic transcript." The principle in *Extra* is still applicable and courts in this district continue to award reasonable court reporter fees. *See, e.g.*, *Sicher v. Merrill Lynch & Co.*, No. 09 C 1825, 2011 U.S. Dist. LEXIS 84841, at *4 (N.D. Ill. Aug. 1, 2011).


attendance fees higher than $60.00 per hour and therefore reduces any attendance fee to $60.00 where Defendants request a higher amount.

The Court notes that in some cases the itemization of fees is not consistent with the amount billed in the supporting invoices. For allowable costs, the Court will award the lesser of what Defendants actually paid or what Defendants requested. Requests for transcript costs for the following deponents are awarded at the per page rate requested, up to the maximum rate allowed by the Judicial Conference, plus a reasonable court reporter fee:

| Deponent | Requested Amount | Allowable Cost |
|---|---|---|
| Derrence Reid | $70.00 attendance fee + (59 pages x $3.25) = $261.75 | $60.00 attendance fee + 191.75 (59 pages x 3.25) = $251.75 |
| Clarence Britten | $70.00 attendance fee + (115 pages x $3.65) = $489.75 | $ 105.00 attendance fee (3 hours x $35.00) + 373.75 (115 pages x $3.25) = $478.75 |
| Maranda Teague | $70.00 attendance fee + (64 pages x $3.65) = $303.60 | $60.00 attendance fee + $208.00 (64 pages x $3.25) = $268.00 |
| Arnetta Britten | $70.00 attendance fee + (106 pages x $3.65) = $456.90 | $60.00 attendance fee + $344.50 (106 pages x $3.25) = $404.50 |
| Richard Dishman | $70.00 attendance fee + (337 pages x $3.65) = $1,300.05 | $70.00 attendance fee[3] + $1,230.05 (337 pages x $3.65) = $1300.05 |

---

[3]Defendants only request a $70.00 attendance fee though the invoice billed for 8.5 hours at $35.00 per hour. Dkt. 212-1 p. 12. Thus, the Court will award the total attendance fee requested.

14

| Shoshana Aldridge | $70.00 attendance fee + (63 pages x $3.25) = $274.75 | $105.00[4] attendance fee + (63 pages x $3.25) = $309.75 |
|---|---|---|
| Marquincy Teague | $70.00 attendance fee + (68 pages x $3.25) = $291.00 | $221.00 (68 pages x $3.25) |
| Thomas Cleary (copy) | $70.00 attendance fee + (200 pages x $.90) = $250.00 | $180.00 (200 pages x $.90)[5] |
| Charles Baum | $70.00 attendance fee + (112 pages x $3.65) = $478.80 | $70.00 attendance fee[6] + 408.80 (112 pages x $3.65) = $478.80 |

Requests for transcript costs of the following deponents are awarded in their entirety because there was no attendance fee requested[7] and the per page request does not exceed the maximum rate:

| Keith Dietelhoff | 202 pages x $3.40 = $686.80 | $686.80 |
|---|---|---|
| Robert Giglio | 44 pages x $3.40 = $149.60 | $149.60 |
| Patrick Boyle | 53 pages x $3.40 = $180.20 | $180.20 |

---

[4]Defendants request a $70.00 attendance fee for the depositions of Marquincy Teague and Shoshana Aldridge, totaling $140.00. The invoice shows a total of three hours billed at $35.00 per hour for these two depositions combined. Dkt. 212-1 p. 13. Thus, the Court will award a single $105.00 attendance fee for the depositions of these two witnesses.

[5]The requested attendance fee is not reflected in the invoice. Dkt. 212-1 p. 14.

[6]Defendants request a $70.00 attendance fee, but the invoice shows three hours billed at $50.00 per hour. Dkt. 212-1 p. 20. The Court will award the total fee requested.

[7]Court reporter attendance fees were included in the invoices for David Dimoff and Eddie Haynie but because Defendants did not request those fees, the Court will not award them.

15

| Mark Harmon | 110 pages x $3.40 = $374.00 | $374.00 |
| --- | --- | --- |
| Howard Glick | 44 pages x $3.65 = $160.60 | $160.60 |
| Charles Cain | 25 pages x $3.65 = $91.25 | $91.25 |
| David Dimoff | 93 pages x $3.65 = $339.45 | $339.45 |
| Eddie Haynie | 92 pages x $3.65 = $335.80 | $335.80 |
| Patrick O'Kelly | 154 pages x $3.40 = $523.60 | $523.60 |
| Andrew Ohlson | 74 pages x $3.40 = $251.60 | $251.60 |
| Mark Campbell | 99 pages x $3.40 = $336.60 | $336.60 |

The three cancelled or no-show depositions are recoverable. *Perry v. City of Chi.*, No. 08 C 4730, 2011 U.S. Dist. LEXIS 15024, at *13 (N.D. Ill. Feb. 15, 2011) (awarding costs for scheduled depositions because no-show deposition costs are incidental expenses that fall within 28 U.S.C. § 1920). The Court awards $60.00 for each of the three scheduled depositions that did not take place, totaling $180.00.

In total, the Court awards $7,502.10 for deposition transcript costs.

**E.     FEES FOR EXEMPLIFICATION AND COPIES OF PAPER.**

Defendants request $852.60 for printing and copy fees. Courts may award costs for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies of documents merely for the convenience of the attorney, however, are not recoverable as costs. *Heneghan v. City of Chi.*, No. 09 C 759, 2011 U.S. Dist. LEXIS 113462, at *3 (N.D. Ill. Oct. 3, 2011).

Defendants itemized these costs in a table called "Fees for Exemplification and Copies." Dkt. 212 p. 3-21. The itemized list includes a single print out of each docket entry and copies of each deposition "for use at trial." The detailed itemization identifying the type of document, the number of pages printed or copied, the cost per page, and the total cost is sufficient documentation. *See, e.g.*, *Vigorton AG Prods.*, No. 99 C 7049, 2004 WL 1899882 (N.D. Ill. Aug. 12, 2004) (holding a similar chart was sufficient to satisfy copy reimbursement requirements).

Printing a paper copy of each docket entry in an age of electronic filing is necessarily obtained for use in the case, and is not merely for convenience of counsel. *See Manson*, 2011 U.S. Dist. LEXIS 130265, at *7. Making a copy of each deposition for use at trial, particularly at the request of the Court, is also necessarily obtained for use in the case. Local Rule 54.1 provides that if a transcript or deposition was necessarily obtained, only the "cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." In this case, Defendants have included one copy of each deposition. Further, the copy rate of $0.15 per page is reasonable. *Blackwell v. Kalinowski*, No. 08 C 7257, 2011 WL 3555770, at *3 (N.D. Il. Aug. 11, 2011) ("A charge of $0.20 per page is within the range of $0.10 to $0.20 per page that courts in this district have found to be reasonable [photocopying fees]."). The Court grants Defendants $852.60 for printing single copies of court docket filings and making single copies of depositions under 28 U.S.C. § 1920(4).

**F.    OTHER COSTS.**

**1. Criminal court transcript reporting costs.**

Contrary to Plaintiff's assertion, Defendants did include the invoices for amounts paid to court reporters for criminal court transcript reporting costs. Dkt. 212-1 p. 28-29. Given that Plaintiff does not object to Defendants obtaining the criminal court transcript, the Court finds it was reasonably necessary and awards $93.30.

**2. Reports of proceedings.**

Defendants request $114.75 and $76.50 for reports of proceedings of this Court on 2/9/2009 and 8/10/2009. Again, Plaintiff incorrectly states that Defendants did not include invoices for the report of proceedings. Dkt. 212-1 p. 30-31. Defendants explain that the minute orders noted that the rulings were based on the "reasons stated in open court." Where a transcript is reasonably necessary to ensure that the Courts orders were adhered to, the cost is allowable. *Thayer v. Chiczewski*, Nos. 07 CV 1290, 07 CV 1406, 2010 WL 3087447, at * 7 (N.D. Ill. Aug. 4, 2010).

**3. Cook County State's Attorney's Office Records.**

Plaintiff does not object to the $33.00 fee for records from Cook County State's Attorney's Office, which the Court finds were reasonably necessary to the trial. The Court awards $33.00 for these records.

**4. Enlargements.**

Finally, Plaintiff objects to Defendant's request for $520.00 for thirteen enlargements mounted on foam board solely on the basis that Defendants did not use those enlargements at trial. The relevant inquiry, however, is whether the cost was reasonably necessary at the

18

time it was incurred. *See Thayer* 2010 WL 3087447, at \*5. Given the layout of the courtroom in which the trial was held, the Court finds it was reasonably necessary to prepare enlargements for each juror. As Plaintiff does not object to the cost sought for each enlargement, the Court awards the full $520.00.

### III. CONCLUSION

For the reasons set forth in this opinion, the Court awards Defendants Thomas Cleary, Keith Deitelhoff, and Mark Campbell court costs against Plaintiff Richard Dishman in the amount of $10,555.66 computed as follows:

1. $1,232.41 for subpoena service costs, including witness fees advanced;

2. $7,502.10 for transcript costs;

3. $131.00 for witness fees;

4. $852.60 for exemplification and copies of paper; and

5. $837.55 in other costs.

SO ORDERED THIS 5th DAY OF JANUARY, 2012.

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Gigi Gilbert
53 West Jackson Boulevard
Suite 356
Chicago, IL 60604

**Counsel for Plaintiff**

Patricia J. Kendall
Christopher A. Wallace
City of Chicago, Department of Law
30 North LaSalle Street
Suite 900
Chicago, IL 60602

Shneur Z. Nathan
Andrew M. Hale & Associates, LLC
53 West Jackson Boulevard
Suite 1800
Chicago, IL 60604

**Counsel for Defendants**